IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LAWRENCE WEINBERGER, | CV 18–134–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| 911 DATAMASTER, INC., a Kansas corporation, SCOTT KREHBIEL, individually, ERIC REGNIER, individually, JOHN DOES I–XX, and ABC CORPORATIONS I–XX, | |
| Defendants. | |

This case is troubling both because of the conduct involving Plaintiff's lawyering and because of Defendants' ill will about that lawyering. The case got off to a rocky start at the Rule 16 Preliminary Pretrial Conference. The Complaint was euphemistically a shotgun marriage of hopeful thinking and faulty legal analysis. But Defendants slapped that sloppiness with their own version of overreach. Thirty-three affirmative defenses were alleged with little or no factual or legal support, allegations which later turned into thirty-eight affirmative defenses which then topped out at forty-one affirmative defenses. Needless to say, the pleadings were a significant subject of discussion at the Preliminary Pretrial Conference, and the Court understood both parties would scrutinize the pleadings

1

and drop claims or defenses not supported by either the law or the facts. Anticipation proved to be the greater part of the hoped-for amendments to the pleadings. The case seems to have ended up as a dog fight with accusations and counter-accusations coupled with associated questionable lawyer tactics.

In thinking about the briefing and arguments, both written and oral, the conundrum appears to me as follows: when does a lawyer forgo his or her obligation to act in the client's interest, and concede to, based on discovery and legal analysis, the lawyer's obligation to the court and the opposing party? Both parties in this case have it wrong. A plaintiff is rarely, if ever, obligated to throw in the towel based on what is shown in discovery in the absence of bad faith or total incompetence.[1] Requiring a lawyer to act contrary to the client's interest because the defendant demands that he or she do so is not a reasonable view of Rule 11, F.R.Civ.P. The Rules of Civil Procedure contemplate circumstances where a plaintiff, or defendant, cannot prevail and through Rule 56 provide the means to resolve such situations. Indeed, in this case Defendants prevailed on all of Plaintiff's claims by invoking Rule 56. If Defendants' reasoning in this case was to prevail, it should be the same rule for defendants: when a plaintiff's proof developed in discovery shows a legitimate provable claim there is an obligation on

---

[1] There is concern here on the second aspect of Plaintiff's lawyering but not a concern that rises to the level of sanctionable conduct under Rule 11.

defense counsel to throw in the towel and pay up. That is not the law, nor should it be.[2]

Both lawyers in this case ignored the commitments made at the Pretrial Conference to abide by the purpose of the Rules, in particular Rule 1, F.R.Civ.P. Plaintiff did nothing to whittle down the pleadings to viable claims, even persisting where the statute of limitations had run. Defendants exacerbated the situation by adding more "affirmative" defenses, almost all of which served no legitimate litigation purpose.

With all this in mind, the Court must decide Defendants' motion for Rule 11 Sanctions to be levied against Plaintiff's counsel. (Doc. 58.) A hearing was held on September 11, 2019 where the lawyers were given an opportunity to publicly "vent their spleens".

Defendants contend Plaintiff's counsel violated Rule 11 by failing to conduct a reasonable inquiry into the law before filing this suit and by persisting in certain claims after learning they lacked factual support. *See* Fed. R. Civ. P. 11(b)(2), (b)(3). However, Defendants' motion mostly vents frustration at the litigation strategies and conduct of Plaintiff's counsel. Those strategies, while unsuccessful and poorly executed, under the circumstances here are not sanctionable. Plaintiff is permitted to have the Court decide the admissibility of

---

[2] This observation is not tautological in Montana bad faith cases.

3

evidence to support his claims as well as the viability of weak legal claims, notwithstanding Defendant's insistence that the law is obviously to the contrary. Further, as shown in the Court's September 3, 2019 Order (Doc. 71), Plaintiff had at least some legal arguments, albeit weak ones, to support his litany of claims.

Defendants no doubt would have preferred opposing counsel to be better prepared and more amicable throughout this litigation. But Rule 11 is not a remedial tool for poor lawyering or non-collegial practice. Furthermore, as noted above, if Defendants' arguments are sound then they too are subject to sanctioning under Rule 11 for asserting forty-one affirmative defenses regardless of the lack of factual basis to assert most of them. Defense counsel argued this is his first effort to invoke Rule 11 in many years of practice. For that he is to be commended. It is a record that should be recalled in the future.

IT IS ORDERED that Defendants' Motion for Rule 11 Sanctions (Doc. 58) is DENIED. There being no further issues in the case, the Clerk of Court is directed to enter judgment for Defendants, consistent with the Court's September 3, 2019 Order and close the case.

DATED this 26th day of September, 2019.

Donald W. Molloy, District Judge
United States District Court

4